UNITED STATES DISTRICT COURT
MIDDLE DISTRIC OF FLORIDA
TAMPA DIVISION

JAMAAL FLEMING, on behalf of himself
and on behalf of all others similarly situated,

     Plaintiff,

v.                     Case No.:

HAWKINS SERVICE COMPANY and
ERIC HAECK, an individual,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMAAL FLEMING, by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendants, HAWKINS SERVICE COMPANY and ERIC HAECK in his individual capacity ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District of Florida.

## PARTIES

4.      Plaintiff is a resident of Hillsborough County, Florida.

5.      HAWKINS SERVICE COMPANY is a Florida corporation engaged in business as a licensed HVAC, Electrical, Pool, Plumbing and Gas contractor providing services to residential and commercial customers with an office and place of business located in Riverview, in Hillsborough County, Florida.

6.      Defendant ERIC HAECK is the president/owner of HAWKINS SERVICE COMPANY.

## GENERAL ALLEGATIONS

7.      Plaintiff has satisfied all conditions precedent, or they have been waived.

8.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9.      Plaintiff requests a jury trial for all issues so triable.

10.     At all times material hereto, Named Plaintiff JAMAAL FLEMING was employed by Defendants as a laborer.

11.     The putative class of similarly situated employees consists of all other laborers employed by Defendants within the last three years.   These similarly situated persons will be referred to as "Members of the Class" or "the Class."

12.     At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

13.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant HAWKINS SERVICE COMPANY within the meaning of the FLSA.

14.     At all times material hereto, Defendant HAWKINS SERVICE COMPANY was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.     Defendant HAWKINS SERVICE COMPANY continues to be an "employer" within the meaning of the FLSA.

16.     At all times material hereto, Defendant HAWKINS SERVICE COMPANY was and continues to be an enterprise covered by the FLSA. See 29 U.S.C. §§ 203(r) and 203(s).

17.     At all times relevant to this action, Defendant HAWKINS SERVICE COMPANY engaged in interstate commerce within the meaning of the FLSA. See 29 U.S.C. § 203(s).

18.     At all times relevant to this action, the annual gross sales volume of Defendant HAWKINS SERVICE COMPANY exceeded $500,000 per year.

19.     Defendant ERIC HAECK is the owner of HAWKINS SERVICE COMPANY.

20.     As part of his duties, Defendant ERIC HAECK supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff and Members of the Class. Defendant ERIC HAECK also controlled the payroll practices of HAWKINS SERVICE COMPANY.

3

21.     Through the exercise of dominion and control over all employee-related matters at HAWKINS SERVICE COMPANY, in his individual capacity ERIC HAECK is also an "employer" within the meaning of the FLSA.

22.     Specifically, Plaintiff and the Class were not employed by Defendants in a bona fide administrative, executive, or professional capacity.  In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

23.     Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

24.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendants.

## **FACTS**

25.     Named Plaintiff JAMAAL FLEMING began working Defendants as a laborer in January 2017, and he worked in this capacity until October 2019.

26.     At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendants, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rate.

27.     Defendants failed to pay Plaintiff and Members of the Class an overtime premium for all of their overtime hours, in violation of the FLSA.

4

28.     Specifically, Defendant required Plaintiff and Members of the Class to report to the shop at the beginning of their workday and return to the shop at the end of the workday.  Defendant failed to pay Plaintiff and Members of the Class for the periods of time when they were working at the shop prior to being allowed to clock in and when they were required to clock out at the job site and return back to the Defendant's shop for more work. As a result, at all times material hereto, Plaintiff and Members of the Class were not paid for all hours worked in a workday.

29.     On or around October 2, 2019, Plaintiff complained to ERIC HAECK, owner of HAWKINS SERVICE COMPANY, by telephone stating that he was not being paid properly by being forced to work at the shop before clocking and being forced to clock out before driving from his work location to return to the shop at the end of the work day. Despite Plaintiff's complaint, the problem continued.

30.     By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

31.     Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b).  The Class is composed of labor helpers and electricians whom Defendants failed to compensate for all overtime hours worked in accordance with the FLSA.

33.     Therefore, notice is properly sent to: "All laborers whom Defendants failed to compensate for all of the overtime hours that they worked from December 2016 to the present."

34.     The total number and identities of the Class Members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

35.     Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

36.     Plaintiff's experience with Defendants' payroll practices is typical of the experience of the Class.

37.     Defendants' failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

38.     Overall, Plaintiff's experience as a labor helper/ electrician who worked for Defendants is typical of the experience of the Class.

39.     Specific job titles or job duties of the Class do not prevent collective treatment.

6

40.     Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

41.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 40 of this Complaint, as fully set forth herein.  Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).   Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

42.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendants, and they were not properly compensated for all of these hours under the FLSA.

43.     Defendants failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

44.     The Members of the Class are similarly situated because they were all employed by Defendants as laborers, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its labor helpers and electricians for all of the overtime hours that they worked.

45.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).  As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

7

46.     All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

      (a)     Designation of this action as a collective action on behalf of Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

      (b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

      (c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

      (d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

      (e)     Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendants stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of January, 2020.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

9