UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMAAL FLEMING, on behalf of himself
and on behalf of all others similarly situated,

    Plaintiff,

v.                                      CASE NO. 8:20-CV-249-CEH-TGW

HAWKINS SERVICE COMPANY and
ERIC HAECK, an individual,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT**

    Plaintiff Jamaal Fleming and defendants Hawkins Service Company and Eric Haeck (the "Parties"), by and through undersigned counsel, jointly move the Court to approve the Parties' Settlement Agreement and FLSA Release and dismiss the above captioned action with prejudice. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

**SUPPORTING MEMORANDUM OF LAW**

**I.**

**PRELIMINARY STATEMENT**

    1.     On or about January 31, 2020, plaintiff filed his Complaint against the defendants, seeking payment of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* ECF No. 1.

    2.     As the Parties notified the Court in their Joint Notice of Settlement (Doc. 67), the Parties have reached an agreement to resolve their dispute as to plaintiff's

claim. The Parties now seek approval from the Court of the FLSA Settlement Agreement ("Settlement Agreement), and dismissal of plaintiff's claim with prejudice. The Settlement Agreement is attached as Exhibit A.

3. The Settlement Agreement provides that the defendants will pay plaintiff $3,000.00.

4. As described more fully below, the Parties agree this is a fair and reasonable settlement of a *bona fide* dispute.

5. The Parties respectfully submit that good cause has been shown for the Court to approve this settlement and dismiss this case with prejudice.

II.

ARGUMENT

A. Standard Of Review

This action arises under the FLSA. "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id*. at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1352.

**B.    The Settlement Is A Fair Compromise**

When evaluating whether a settlement to determine whether there is a fair and reasonable compromise, courts examine "(1) whether there was fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of possible recovery; and (6) counsel's opinion." *Ali Jawwad v. BK Star, Inc.*, 2019 U.S. Dist. LEXIS 212083, at *2-3 (M.D. Fla. Nov. 18, 2019) (*citing Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

When a court is asked to approve an FLSA settlement agreement by two represented parties, "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). "There is a 'strong presumption' in favor of finding a settlement fair." *Deslandes v. Bam-B Enters. of Cent. Fla., Inc.*, 2018 U.S. Dist. LEXIS 114359, at *6 (M.D. Fla. June 28, 2018) (internal citations omitted).

Here, the Parties respectfully submit that the terms set forth within the settlement agreement entered into between the parties was a "fair and reasonable resolution" of plaintiff's FLSA claims.  This case involves contested issues of liability and the amount of overtime damages owed to plaintiff, if any.  While plaintiff alleges that he was required to work off the clock before and after work, defendants deny the allegations and contend that plaintiff was paid in full for all time worked.  If plaintiff had proceeded to trial, a jury could have determined that he was not entitled to the

3

recovery he sought, in which case he would recovery nothing.  Instead, plaintiff has negotiated a settlement through counsel that is satisfactory to the Parties and their counsel.

There is no fraud or collusion behind the settlement, which was negotiated at arms' length by counsel after the filing of the lawsuit.  This lawsuit presents legal and factual issues regarding the amount of overtime to which plaintiff is entitled, if any.  Because plaintiff's claim arises out of alleged off-the clock work, there are substantial factual issues which would require significant expenditure of resources by the Parties to investigate and litigate.  The amount recovered by plaintiff favorably compares to the possible recovery sought by plaintiff.  Plaintiff was an hourly worker earning $13 an hour in 2019.  Pursuant to the settlement agreement, plaintiff is to receive a total of $3,000, which would equate to more than a half hour of pay for each working day of the two years prior to the filing of the complaint.[1]  Both parties were represented by competent, experienced counsel, who are in agreement that the settlement amount is a fair and adequate resolution of plaintiff's claims.  Therefore, the settlement constitutes a fair compromise of plaintiff's claims.

**C.   The Attorneys' Fees To be Paid As Part Of The Settlement Are Fair And Reasonable**

Here, the Parties agree that the proposed fees to plaintiff's counsel are reasonable, and the comparison of the fees and costs to the total recovery is facially

---

[1] $3,000 is equivalent to 230.8 hours at plaintiff's last rate of pay.  Plaintiff was employed for approximately 90 weeks out of the two years prior to the filing of the Complaint.  Assuming five working days in a week, the total settlement provides plaintiff with an amount equivalent to .51 hours for each working day in the two years preceding the filing of the Complaint.  Half of this amount is allotted to unliquidated damages, and half as liquidated damages.

4

reasonable.  *See Ali Jawwad v. BK Star, Inc.*, 2019 U.S. Dist. LEXIS 212083, at *4 (M.D. Fla. Nov. 18, 2019) (attorneys' fees and costs of $4,250 out of $7,000 total settlement was not unreasonable without examination of detailed information regarding attorney's fees) (*citing Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)); *see also DeGraff v. SMA Behavioral Health Servs.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (settlement of FLSA with lump sum offer did not adversely affect plaintiff's recovery when breakdown of attorney' fees and settlement amounts was not unreasonable on its face).  Because the attorneys' fees sought in this matter are facially reasonable, and because the negotiation of the fees did not compromise plaintiff's claims, the Parties request that this Court find the proposed attorneys' fees reasonable.

### III.

### **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court:  (i) GRANT this Joint Motion for Approval of the Settlement Agreement and FLSA Release; (ii) APPROVE the attached Settlement Agreement and FLSA Release; and (iii) dismiss this action with prejudice.

Respectfully submitted

| | |
|---|---|
| /s/Christopher J. Saba<br>Christopher J. Saba<br>Florida Bar No. 0092016<br>Wenzel Fenton Cabassa, P.A.<br>1110 North Florida Avenue, Suite 300<br>Tampa, FL  33602<br>Email:csaba@wcflaw.com | /s/ Richard C. McCrea, Jr.<br>Richard C. McCrea, Jr.<br>Florida Bar No. 351539<br>Email: mccrear@gtlaw.com<br>West Holden<br>Florida Bar No.  113569<br>Email: holdenw@gtlaw.com<br>GREENBERG TRAURIG, P.A. |

ACTIVE 49599209v1

        101 E. Kennedy Boulevard  
        Suite 1900  
        Tampa, FL  33602  
        (813) 318-5700 – Phone  
        (813) 318-5900 – Facsimile  
        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically transmitted using the CM/ECF System for filing and transmittal to the following ECF registrant(s) on this 30th day of March, 2020 to:

        Christopher J. Saba  
        Wenzel Fenton Cabassa, P.A.  
        1110 North Florida Avenue, Suite 300  
        Tampa, FL  33602

        /s/ Richard C. McCrea, Jr.  
                Attorney

*ACTIVE 49599209v1*